# Richmond.

TOMPKINS, BY &C. V. GRIFFIN'S EXECUTORS.

DECEMBER 5, 1895.

1. WILLS—*Construction of, in Case at Bar.*—A testator devised and bequeathed one-third of his entire estate, after payment of certain legacies, to a designated person. The next sentence in the same clause of the will is, "I mean by my entire estate, all of my life insurance, real estate, and personal property." The testator's life was insured in four different companies, and each of the policies was for the benefit of his wife, who had died after the policies were issued. The by-laws of three of the companies provided that, in the event of the death of the beneficiary before the assured, he might designate another beneficiary, and, upon failure to do so, the proceeds should be paid to his relations in the order named in the policy, but in no event should he dispose of the proceeds by will. The testator did not designate another beneficiary. The beneficiaries under these three policies were also the legatees and devisees of the remaining two-thirds of testator's estate, and elected to take under his will.

*Held :*

The testator intended to give to the legatee first above-mentioned one-third of all four of his life policies.

Appeal from a decree of the Chancery Court of the city of Richmond, pronounced October 20, 1893, in a suit in chancery wherein the executors of L. M. Griffin, deceased, were the complainants, and the appellants and others were the defendants.

*Affirmed.*

The opinion states the case.

*Williams & Boulware,* for the appellants.

*Coke & Pickrell* and *Ro. Stiles,* for the appellees.

BUCHANAN, J., delivered the opinion of the court.

The question involved in this case is the construction of the seventh clause of the will of L. M. Griffin, deceased, which is as follows :

"7th. To Miss Nellie McCance Rogers (may God bless her is my sincere prayer) I leave in fee simple ($\frac{1}{3}$) one-third of my entire estate, that is after paying the above legacies. I mean by my entire estate, all of my life insurance, real estate, and personal property. This legacy I want my administrators to pay at their very earliest convenience, certainly as soon as they can realize on my stock of tobacco."

At the time of the testator's death he held four policies of insurance on his life, aggregating the sum of $15,000. All were for the benefit of his wife, who had died since they were taken out. The by-laws of three of the companies in which his life was insured provided, amongst other things, that in the event the person for whose benefit the policy was taken out died before the insured, and he failed to designate another beneficiary in the manner prescribed in the by-laws, the proceeds of the policy should be paid to the relations of the insured in the order named in the policy, and that in no event should the insured have the right to dispose of such proceeds by will. The testator, after the death of his wife, designated no other person as the beneficiary in the policies of insurance. It is conceded that the proceeds of these three policies did not pass by his will, but became the property of his two infant nieces, Jane and Sadie Tompkins, at his death, in

accordance with the by-laws of the insurance companies.   To these two nieces, by the eighth clause of his will, the testator devised the remaining two-thirds of his estate, after the payment of certain legacies.

It is admitted that if the testator intended to dispose of all four of the policies of insurance by his will, then the two infant nieces were put to their election whether they would take under the will or against it, and that the action of the court in electing for them to take under the will was proper.

The only question, therefore, to be decided by this court is, whether the testator intended by the seventh clause of his will to devise the whole of the insurance on his life, or only the one policy of $5,000, which he had the right to devise.

Various rules of construction have been invoked by counsel for our guidance in its construction, none of which are needed, in our opinion.

The language used by the testator shows clearly what he intended.   To Miss Rogers, he says, " I leave in fee simple (⅓) one-third of my entire estate, that is after paying the above legacies."   Then, in order to make clear his meaning, he adds, " I mean by my entire estate, *all of my life insurance,* real estate, and personal property."   From this language it is clear that he intended to devise all of the policies of insurance which he had taken out and held upon his life, and not merely one of them.   He never would have used the words " all of my life insurance " if he had intended to devise $5,000 only of the $15,000, for which his life was insured.

We are of opinion that the decree appealed from is clearly right, and must be affirmed.

*Affirmed.*